UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GEORGE KERSEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 24-10709-ADB |
| | * | |
| CHEWY, INC., | * | |
| | * | |
| Defendant. | * | |
| | * | |

## ORDER

BURROUGHS, D.J.

Upon review of pro se plaintiff George Kersey's amended complaint [ECF No. 7], the Court DISMISSES this action for failure to state a claim upon which relief may be granted.

In his original complaint [ECF No. 1], Kersey alleged that he holds a registered trademark for "Seafood Temptations," and that the product of defendant, Chewy, Inc. ("Chewy") "bear[s] his trademark." [Id. at 2 ¶ 4]. After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court ordered Kersey to file an amended complaint with images of the trademarks in question. [ECF No. 5]. In response to this order, Kersey filed an amended complaint with the images, pictured here:


Kersey's Alleged Trademark [EFC No. 7-1 at 1]


Chewy's Alleged Trademark [ECF No. 7-2 at 1]

"The purpose of a trademark is to identify and distinguish the goods of one party from those of another." Colt Def. LLC v. Bushmaster Firearms, Inc., 486 F.3d 701, 705 (1st Cir. 2007). To consumers, "a trademark 'signi[fies] that all goods bearing the trademark' originated from the same source and that "all goods bearing the trademark are of an equal level of quality.'" Id. (alterations in original) (quoting 1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 3:2 (2007)). The "cardinal sin" under the Lanham Act[1] "is to confuse consumers about source—to make (some of) them think that one producer's products are another's." Jack Daniel's Properties, Inc. v. VIP Prod. LLC, 599 U.S. 140, 157 (2023). 2d 161 (2023)

"To prevail in a trademark infringement claim under the Lanham Act, 'a plaintiff must establish (1) that its mark is entitled to trademark protection, and (2) that the allegedly infringing use is likely to cause consumer confusion.'" Oriental Fin. Grp., Inc. v. Cooperativa de Ahorro y Crédito Oriental, 832 F.3d 15, 23 (1st Cir. 2016) (quoting Boston Duck Tours, LP v. Super Duck Tours, LLC, 531 F.3d 1, 12 (1st Cir. 2008)). "Likely" consumer confusion means "more than the theoretical possibility of confusion." Peoples Fed. Sav. Bank v. People's United Bank, 672 F.3d 1, 9-10 (1st Cir. 2012) (quoting Boston Duck Tours, 531 F.3d at 12). "This means 'the allegedly infringing conduct must create a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care.'" Id. (quoting Boston Duck Tours, 531 F.3d at 12). In determining whether there is a likelihood of confusion, the Court considers:

> [1] the similarity of the marks; [2] the similarity of the goods; [3] the relationship between the parties' channels of trade; [4] the relationship between the parties' advertising; [5] the classes of prospective purchasers; [6] evidence of actual confusion; [7] the defendant's intent in adopting its mark; [8] and the strength of the plaintiff's mark.

---

[1] The Lanham Act, 15 U.S.C. §§ 1051-1127, provides a federal cause of action for infringement of trademarks registered with the United States Patent and Trademark Office.

Id. (quoting Pignons S.A. de Mecanique de Precision v. Polaroid Corp., 657 F.2d 482, 487 (1st Cir. 1981)).

Here, consumers are not likely to be confused between the source of products bearing Kersey's trademark and the source of products bearing Chewy's trademark.  Both trademarks use the word "Temptations" in reference to a seafood product sold to consumers, but otherwise there is no similarity between the appearance of the marks or the goods bearing the marks.  Kersey's trademark consists of a white oval with the words "Seafood Temptations" in plain text around a simple silhouette of a fish.  Text on the product packaging indicates that it contains frozen seafood for human consumption.  Chewy's trademark includes the word "Temptations" in fanciful font placed within a cartoon-like text bubble with a double border.  It also includes a cartoon-like drawing of a grinning cat behind pebble-like objects that appear to be cat food.  Additional text proclaims that "Cat's Can't Resist" the "Crunch & Creamy" product, which contains a "Seafood Medley of Flavor" that is "100% Complete & Balanced for Adult Cats."

Given the stark differences between the appearance of the marks and the goods which bear them, the Court does not need to consider the other factors used to determine likelihood of consumer confusion.  There is no likelihood that a reasonably prudent consumer would be confused as to whether frozen seafood products for human consumption bearing Kersey's trademark and dry seafood cat food bearing Chewy's trademark are from the same source.  Thus, Kersey has failed to state a claim upon which relief may be granted.  See, e.g., Fortres Grand Corp. v. Warner Bros. Entertainment Inc., 763 F.3d 696 (7th Cir. 2014) (affirming dismissal of trademark action for failure to state a claim for relief where the district court found that the plaintiff "had not alleged a plausible theory of consumer confusion").

4

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The summons, which was issued in error, is QUASHED, and Kersey shall not serve it on Chewy. The Court CERTIFIES that any appeal of this order would not be taken in good faith. See 28 U.S.C. § 1915(a)(3).

    IT IS SO ORDERED.

May 3, 2024                                                          /s/ Allison D. Burroughs
                                                                       ALLISON D. BURROUGHS
                                                                       U.S. DISTRICT JUDGE